IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRADY K. ARMSTRONG,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES A. YATES, et al.,<br><br>    Defendants.<br>_____ | No. C 08-00487 WHA (PR)<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS FOR RETURN OF LEGAL PROPERTY AND ENTRY OF PRELIMINARY INJUNCTION**<br><br>**(Docket Nos. 10, 16, 21, 23)** |

On March 10, 2008, plaintiff, a California prisoner incarcerated at Pleasant Valley State Prison ("PVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Thereafter, the Court found the allegations in plaintiff's complaint, when liberally construed, state the following constitutionally cognizable claims for relief against prison officials at PVSP: unlawful conditions of confinement stemming from plaintiff's being housed in a cell with a "violent psychopathic prisoner," the denial of adequate medical care, and improper interference with plaintiff's outgoing legal mail. (Order, filed May 11, 2009, at 2:17-3:11.) The Court ordered the complaint served and directed defendants to file a motion for summary judgment or other dispositive motion with respect to plaintiff's cognizable claims. Subsequently, by order filed October 21, 2009, the Court granted defendants an extension of time to file their motion on or before February 8, 2010. Now pending before the Court are plaintiff's motions for the return of his legal property and for a preliminary injunction.

Plaintiff filed his motion seeking the return of his legal property when he was incarcerated at Kern Valley State Prison ("KVSP"). In his motion, plaintiff complains that

prison officials at KVSP have confiscated his property and asks the Court to order that the property be returned. As noted above, however, plaintiff currently is incarcerated at PVSP. Accordingly, as plaintiff is no longer at KVSP, his motion seeking the return of his property from KVSP prison officials is hereby DENIED as moot.

Plaintiff's more recently filed motions for preliminary injunctive relief arise from plaintiff's contention that prison officials at PVSP have confiscated his typewriter. Plaintiff asserts that because he is disabled he requires the use of his typewriter to litigate the instant action, and without the typewriter he must rely on other inmates to write for him. Plaintiff therefore asks the Court to order prison officials to return his typewriter to him. The Court finds plaintiff is not entitled to the injunctive relief he seeks at this time, however, as he currently has no pending deadlines in the instant action. As noted above, defendants' motion for summary judgment or other dispositive motion is not due until February 8, 2010 and, according to the briefing schedule in the Order of Service, plaintiff's opposition to defendants' motion need not be filed until thirty days from the date plaintiff is served with defendants' motion. Further, the Court notes that plaintiff has been able to adequately litigate this action to date, including filing the instant motions for preliminary injunctive relief, one of which is typewritten. Accordingly, plaintiff's request for the return of his typewriter in order to litigate the instant action is hereby DENIED.[1] Such denial is without prejudice to plaintiff's renewing his request, if necessary, after defendants have filed their motion for summary judgment or other dispositive motion.

This order terminates Docket Nos. 10, 16, 20 and 23.

IT IS SO ORDERED.

DATED: December 4, 2009

_____
WILLIAM H. ALSUP
United States District Judge

---

[1] To the extent plaintiff maintains he requires the use of his typewriter in order to accommodate needs that are unrelated to litigating the instant action, such claim is not at issue herein and must be brought in a separate action.

2