United States District Court

For the Eastern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG, | No. C 08-00487 WHA (PR) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DISMISSING CLAIMS AGAINST UNSERVED AND NON-APPEARING DEFENDANTS** |
| v. | |
| JAMES A. YATES, et al., | |
| Defendants. | |
| | (Docket Nos. 29 & 34) |

**INTRODUCTION**

On March 10, 2008, plaintiff, a California prisoner incarcerated at Pleasant Valley State Prison ("PVSP") and proceeding pro se, filed this civil rights action under 42 U.S.C. 1983. Thereafter, the Court found the allegations in plaintiff's complaint, when liberally construed, stated claims for relief against prison officials at PVSP for the denial of adequate medical care, improper interference with plaintiff's outgoing legal mail, and unlawful conditions of confinement stemming from plaintiff's being housed in a cell with a violent prisoner (Order filed May 11, 2009, at 2-3).

Now pending is the motion for summary judgment filed by defendants Davis, Galaviz,

1    Gastelum, Hansen, Mattingly, Reeves, Shannon, Stone, Trimble and Yates.[1] Plaintiff has not

2    filed an opposition.  Rather, three weeks after the deadline, plaintiff filed a request for an

3    extension of time to do so.  For the reasons discussed below, plaintiff's request for an extension

4    of time is denied, and the motion for summary judgment is granted.  Additionally, this order

5    dismisses all claims against the unserved and non-appearing defendants.

6                              **STATEMENT OF FACTS**

7            The following facts are derived from plaintiff's verified complaint and the exhibits

8    appended thereto.[2]

9            On October 13, 2004, prior to arriving at PVSP, plaintiff suffered injuries after being

10   "dumped" out of his wheelchair while incarcerated at High Desert State Prison.  Upon arriving

11   at PVSP in February 2006, plaintiff filed a request for reasonable modifications and

12   accommodations ("CDC 1824").  Plaintiff complained of ongoing pain and mobility problems

13   due to his injuries, and requested a quickie wheelchair, massages, chiropractic care, physical

14   therapy, an eggcrate mattress and a Rojo cushion (Compl. ¶¶ 21-22 & Exh. A at 18-26).

15           On March 2, 2006, plaintiff was evaluated by Dr. W. Seifert, who prescribed for

16   plaintiff the eggcrate mattress, Rojo cushion and vitamin supplements.  Dr. Seifert did not issue

17   a recommendation for a back brace, quickie wheelchair, chiropractic treatment or physical

18   therapy (Exh. A at 23-25).  On April 6, 2006, defendant Associate Warden R. Hansen approved

19   Dr. Seifert's recommendations (Exh. A at 25).

20           In May 2006, plaintiff filed another CDC 1824 requesting an off-site "open" MRI, a new

21   wheelchair and follow-up eye care (Compl. ¶ 23 & Exh. A at 32-34).  On June 14, 2006,

22

23           [1]Three other defendants against whom claims were found cognizable, specifically,
24   defendants Ferro, Dishman and Petrick, were not served, and one of the served defendants,
     Griffin, has not made an appearance herein.  The claims against these defendants are
25   addressed below, following a discussion of the summary judgment motion.

26           [2]The only exhibit relied upon by defendants in support of their motion for summary
     judgment is plaintiff's verified complaint and the exhibits appended thereto, which
27   defendants have designated as "Exhibit A."  In so doing, defendants renumbered the pages of
     the complaint and exhibits in the bottom right corner, as not all of the pages had been
28   numbered by plaintiff.  Consequently, for purposes of this order, the Court will reference the
     page numbers assigned by defendants.

**United States District Court**
For the Eastern District of California

United States District Court

For the Eastern District of California

1    plaintiff was interviewed by defendant Dr. R. Ferro, who denied plaintiff's request for an off-

2    site open MRI on the ground that the quality of such would be poorer than the closed on-site

3    MRI, and plaintiff could be provided medication to calm him as necessary.  Dr. Ferro also

4    denied plaintiff's request for a new wheelchair, finding plaintiff's current wheelchair was in

5    good condition, and informed plaintiff that, on June 6, 2006, an ophthalmology appointment

6    had been scheduled for plaintiff.  On June 15, 2006, defendant Hansen approved Dr. Ferro's

7    recommendations (Exh. A at 34).

8         On May 30, 2006, defendant Nurse S. Dishman failed to provide Dr. Ramirez with

9    plaintiff's medical file (Compl. ¶ 25 & Exh. A at 63).  On August 31, 2006, plaintiff's appeal of

10   this matter was partially granted by defendant J. Mattingly, who told plaintiff that an inquiry

11   would be made into his allegations (Exh. A at 64, 70).

12        Plaintiff submitted an inmate grievance complaining that, on July 14, 2006, mail room

13   staff had returned to him an item of outgoing legal mail after they ripped it open (Compl. ¶ 26

14   & Exh. A at 73).  On July 17, 2006, defendant M. Gastelum responded to the appeal, stating the

15   mail had been received by the mail room in that condition and therefore was returned to

16   plaintiff for repackaging.  Gastelum denied plaintiff's request for monetary compensation (Exh.

17   A at 75).  On August 9, 2006, defendants D. Stone and Ray Galaviz upheld Gastelum's

18   decision.  In so doing, they noted that plaintiff, upon being interviewed in response to his

19   appeal, stated he had repackaged the contents and sent the item out again without any problem

20   (Exh. A at 76).

21        On May 1, 2006, plaintiff received a rules violation report ("CDC 115") for mutual

22   combat.  The CDC 115 was issued by defendant M.C. Davis, and signed by defendant Associate

23   Warden R.H. Trimble (Exh. A at 97).  On June 15, 2006, plaintiff complained that Davis would

24   not provide him with a caseworker to assist with collecting evidence and interviewing witnesses

25   in preparation for his CDC 115 hearing (Exh. A at 50).  On August 17, 2006, plaintiff filed an

26   inmate appeal challenging his having been found guilty of the CDC 115 and placed in

27   administrative segregation.  Plaintiff claimed he was not guilty because he had been housed in a

28   cell with a violent and psychopathic prisoner against whom he had to defend himself (Compl. ¶

1  27 & Exh. A at 91-94, 97).  After returning plaintiff's appeal to him twice for procedural

2  reasons, defendant R. Shannon interviewed plaintiff with respect to the appeal and, on

3  September 28, 2006, defendant Mattingly denied the appeal on behalf of defendant Warden

4  James A. Yates (Exh. A at 54, 59, 95, 96).

**ANALYSIS**

5

6  **A.      PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION**

7          As noted, plaintiff has moved for an extension of time to file an opposition to

8  defendants' motion for summary judgment.  This order finds plaintiff is not entitled to such

9  extension, for the following reasons.

10         On February 8, 2010, defendants filed their motion for summary judgment.  According

11  to the scheduling order, plaintiff was required to file his opposition thereto within thirty days of

12  the date the summary judgment motion was filed.  On March 9, 2010, plaintiff, however, filed a

13  request for an "open ended extension of time" to file opposition to the motion for summary

14  judgment (Dkt. No. 30).  Specifically, plaintiff stated that, due to complications from strokes, he

15  is unable to write for himself and he does not have access to a typewriter because defendants

16  destroyed his typewriter in retaliation for plaintiff's having filed the instant action.

17         By order filed March 17, 2010, the Court directed defendants to show cause why

18  plaintiff should not be provided with access to a typewriter or other writing assistance to enable

19  him to prepare his opposition to the motion for summary judgment (Dkt. No. 31).

20         In response, defendants submitted evidence, in the form of docket sheets from the

21  United States District Court for the Eastern District of California, showing that plaintiff had

22  filed a number of cases in that court and that three of those cases, including the instant matter,

23  were still pending at that time.  In particular, defendants noted that in one of the then-pending

24  cases, Armstrong v. Garcia, et al., 2:08-cv-00039 FCD KJM, plaintiff had recently filed a

25  request for an extension of time and access to a typewriter in order to oppose the defendants'

26  dispositive motions, defendants responded thereto, and, on March 16, 2010, the court found

27  that, based on plaintiff's prolific hand-written filings in that matter, plaintiff had the ability to

28  file opposition to defendants' dispositive motions without the use of a typewriter.  Accordingly,

United States District Court
For the Eastern District of California

1    that court denied plaintiff's request to order prison officials to provide him with a typewriter and

2    ordered plaintiff to file his oppositions within thirty days (Br. at 3 & Exh. 8.)[3]

3          Similarly, in the instant case, defendants submitted evidence of plaintiff's numerous

4    filings over the previous nine months, and noted that plaintiff had not shown that he had

5    requested a reasonable accommodation for a medical disability from prison officials,

6    specifically, a typewriter.

7          Based on this record, an order filed March 29, 2010 denied plaintiff's request for access

8    to a typewriter to prepare his opposition to defendants' motion for summary judgment.

9    Additionally, it directed plaintiff to file his opposition to defendants' motion within forty-five

10   days of the Court's order, *i.e.*, by March 14, 2010, and informed plaintiff that: "No further

11   extensions of time will be granted absent a showing of extraordinary circumstances" (Dkt. No.

12   33 at 2).

13         Plaintiff did not file an opposition by March 14, 2010.  Instead, three weeks later, on

14   June 7, 2010, he filed a request for an extension of time of ninety days to file his opposition.  In

15   support of his request, plaintiff asserted: (1) he is physically unable to write for himself; (2) the

16   inmate who was assisting him with writing has been hospitalized; and (3) plaintiff has only

17   limited law library access (Dkt. No. 34).

18         This order finds plaintiff's asserted reasons for his inability to file a timely opposition to

19   defendants' motion for summary judgment and his need for an extension of time do not

20   constitute a "showing of extraordinary circumstances" sufficient to grant plaintiff's request.

21   Defendants' summary judgment motion has been pending for almost five months, and the Court,

22   as noted, has previously addressed in detail plaintiff's assertions that he is unable to respond to

23

24         [3]Judgment was entered in that action on June 15, 2010, dismissing it for failure to
25   prosecute.  Specifically, that court found that plaintiff had failed to comply with an order to
     file an opposition to the defendants' three motions to dismiss within the thirty-day period
26   allotted to do so; instead, plaintiff had filed a request for an extension of time based on his
     alleged need of an assistant to help him write.  That court determined plaintiff had not shown
27   good cause for such extension, based on plaintiff's prolific hand-written filings in the case
     and the length of time he had been provided to oppose each motion, which had been pending,
28   respectively, for nine months, four months, and three months. See Armstrong v. Garcia, et
     al., 2:08-cv-00039 FCD KJM, Dkt. Nos. 99 & 103.

United States District Court

For the Eastern District of California

5

**United States District Court**
For the Eastern District of California

1   defendants' motion because of his inability to write.  Specifically, the Court has determined that

2   plaintiff, based on his previous filings in this and other pending federal court actions, is capable

3   of filing a written opposition to the motion for summary judgment.  The ten defendants who

4   have appeared in this matter and filed a motion for summary judgment addressing the merits of

5   plaintiff's claims against them, all of which claims arose in 2006, are entitled to a decision

6   without undue delay.

7           Accordingly, for the foregoing reasons, plaintiff's request for an extension of time to file

8   an opposition to defendants' motion for summary judgment is denied.

9   **B.    SUMMARY JUDGMENT STANDARD**

10          Summary judgment is proper where the pleadings, discovery and affidavits show that

11  there is "no genuine issue as to any material fact and that the moving party is entitled to

12  judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect

13  the outcome of the case.  A dispute as to a material fact is genuine if there is sufficient evidence

14  for a reasonable jury to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby,*

15  *Inc.*, 477 U.S. 242, 248 (1986).

16          The moving party for summary judgment bears the initial burden of identifying those

17  portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

18  issue of material fact.  When the moving party has met this burden of production, the

19  nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth

20  specific facts showing that there is a genuine issue for trial.  If the nonmoving party fails to

21  produce enough evidence to show a genuine issue of material fact, the moving party wins.

22  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz*

23  *Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

24          A district court may not grant a motion for summary judgment solely because the

25  opposing party has failed to file an opposition.  *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 &

26  n.4 (9th Cir. 1994) (holding unopposed motion may be granted only after court determines that

27  there are no material issues of fact).  The court may, however, grant an unopposed motion for

28  summary judgment if the movant's papers are themselves sufficient to support the motion and

**United States District Court**
For the Eastern District of California

1 do not on their face reveal a genuine issue of material fact.  *See United States v. Real Property*

2 *at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (holding local rule cannot mandate

3 automatic entry of judgment for moving party without consideration of whether motion and

4 supporting papers satisfy Rule 56), *rev'd on other grounds sub nom. Degen v. United States*,

5 517 U.S. 820 (1996).  Where the plaintiff has not filed an opposition to the motion for summary

6 judgment, the verified complaint may be relied upon by the court as an opposing affidavit.  *See*

7 *Schroeder v. McDonald*, 55 F.3d 454, 460 & nn. 10-11 (9th Cir. 1995) (holding verified

8 complaint may be used as opposing affidavit under Rule 56 if based on personal knowledge and

9 sets forth specific facts admissible in evidence).

10 **C.    MEDICAL CLAIMS**

11        In its order of service, the Court found that plaintiff's allegations stated a cognizable

12 claim for inadequate medical care with respect to defendants Hansen, Shannon and Mattingly.[4]

13 In their motion for summary judgment, defendants argue they are entitled to judgment as matter

14 of law either because they were not directly involved in the provision or denial of medical care

15 to plaintiff, or because they did not act with deliberate indifference to plaintiff's serious medical

16 needs.

17        Deliberate indifference to a prisoner's serious medical needs violates the Eighth

18 Amendment's proscription against cruel and unusual punishment.  A "serious" medical need

19 exists if the failure to treat a prisoner's condition could result in further significant injury or the

20 "unnecessary and wanton infliction of pain."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A

21 prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of

22 serious harm and disregards that risk by failing to take reasonable steps to abate it.  Neither

23 negligence nor gross negligence will constitute deliberate indifference.  *Farmer v. Brennan*, 511

24 U.S. 825, 837 (1994).

25        **1.    Defendant Mattingly**

26

27        [4]The Court also found the claim cognizable as to defendants Ferro, Dishman and
28 Petrick.  As noted above, however, those defendants have not been served or made an
appearance herein.

7

United States District Court

For the Eastern District of California

1    Defendant Mattingly argues he cannot be held liable for plaintiff's alleged lack of

2    medical care because, as the Acting Warden at PVSP at the time, he was not directly involved

3    in plaintiff's medical care.  Rather, his only involvement was limited to his review of plaintiff's

4    administrative appeal, dated May 30, 2006, in which plaintiff claimed that Nurse Dishman

5    failed to provide Dr. Ramirez with plaintiff's medical file.  Specifically, plaintiff's evidence

6    shows that on August 31, 2006, Mattingly partially granted plaintiff's appeal for an

7    investigation into the matter, and upheld the decision of the first-level reviewer that an Internal

8    Affairs investigation would not be conducted, that Nurse Dishman would not be prohibited

9    from providing medical assistance, and that plaintiff would not be monetarily compensated

10   (Exh. A at 70).

11   A person deprives another of a constitutional right within the meaning of 42 U.S.C.

12   1983 only if he does an affirmative act, participates in another's affirmative act or omits to

13   perform an act which he is legally required to do, that causes the deprivation.  The inquiry into

14   causation must be individualized and focus on the duties and responsibilities of each individual

15   defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  *See*

16   *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  To defeat summary judgment, sweeping

17   conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to

18   each individual defendant's" actions which violated his or her rights.  *Id.* at 634.

19   Here, the record provides no basis for liability against defendant Mattingly for having

20   acted with deliberate indifference to plaintiff's serious medical needs.  Specifically, there is no

21   evidence that Mattingly either was directly involved in failing to provide plaintiff with medical

22   care, or that he participated in any way in Nurse Dishman's alleged act of inadequate medical

23   care.  Accordingly, summary judgment must be granted to defendant Mattingly on this claim.

24   **2.      Defendants Hansen and Shannon**

25   Defendants Hansen and Shannon argue they cannot be held liable for plaintiff's alleged

26   lack of proper medical care because their only involvement with respect thereto was their

27   investigation of plaintiff's inmate grievances.

28   **a.      Defendant Hansen**

8

**United States District Court**
For the Eastern District of California

1     The following undisputed evidence is presented in the complaint and exhibits appended

2  thereto with respect to defendant Hansen:  (1) on April 6, 2006, Hansen signed an

3  administrative appeal upholding the decision by Dr. Seifert, who evaluated plaintiff on March 2,

4  2006, to prescribe plaintiff an eggcrate mattress, Rojo cushion and vitamin supplements, but not

5  to recommend a back brace, quickie wheelchair, chiropractic treatment or physical therapy; and

6  (2) on June 15, 2006, Hansen signed an administrative appeal upholding Dr. Ferro's

7  recommendation that plaintiff be provided with an on-site closed MRI and prescribed calming

8  medication, plaintiff did not require a new wheelchair, and plaintiff did not need an eye care

9  appointment as he had already been scheduled to see an ophthalmologist.[5]

10     Plaintiff's evidence fails to raise any genuine issue of material fact with respect to

11  whether defendant Hansen's appeal decisions amounted to his acting with deliberate

12  indifference to plaintiff's serious medical needs.  In particular, Hansen did not knowingly fail to

13  respond to plaintiff's requests for help; rather, he investigated plaintiff's appeals and found that

14  the care provided by Drs. Seifert and Ferro, both of whom had evaluated plaintiff, was

15  appropriate.  *Cf. Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (reversing summary

16  judgment where triable issue existed as to whether prison administrators knowingly failed to

17  respond to inmate's requests for medical help).  Accordingly, summary judgment must be

18  granted to defendant Hansen on plaintiff's medical claims.

19          **b.     Defendant Shannon**

20     There is no allegation or other evidence in plaintiff's complaint or the exhibits appended

21  thereto that links defendant Shannon to any of plaintiff's medical claims.  Consequently,

22  summary judgment must be granted as to Shannon on these claims.[6]

23  **D.     INTERFERENCE WITH LEGAL MAIL**

24     In the order of service, the Court found plaintiff stated a cognizable claim against

25  _____

26     [5]Dr. Seifert is not named as defendant in the instant action.

27     [6]Defendants argue that plaintiff has tried to link Shannon to his claims by virtue of
Shannon's having denied plaintiff's administrative appeal concerning Nurse Dishman's
28  activities, noted above.  According to the record, however, the only appeals denied by
Shannon concerned plaintiff's placement in administrative segregation (Exh. A at 54, 59).

9

1  defendants Gastelum, Stone and Galaviz for interference with plaintiff's legal mail.  In their

2  motion for summary judgment, defendants argue judgment must be granted in their favor

3  because plaintiff's allegations fail to state a claim for denial for denial of access to the courts,

4  and also because there is an absence of evidence that directly links any defendant to the

5  violation of plaintiff's constitutional rights.

6        The deliberate delay of legal mail which adversely affects legal proceedings presents a

7  cognizable claim for denial of access to the courts.  *See Jackson v. Procunier*, 789 F.2d 307,

8  311 (5th Cir. 1986).  Isolated incidents of mail interference without any evidence of improper

9  motive or resulting interference with the right to counsel or access to the courts do not give rise

10  to a constitutional violation, however.  *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990);

11  *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (finding no claim where opening

12  of letter from prisoner's attorney outside of prisoner's presence in single instance did not result

13  in damage), *cert. denied*, 424 U.S. 973 (1976).

14        Here, the only evidence presented by plaintiff in support of his claim is that, on one

15  occasion, the mail room returned to him a piece of outgoing legal mail with the envelope torn

16  open, and that plaintiff thereafter repackaged the contents and sent the legal mail out again

17  without any problem (Exh. A at 76).  None of the named defendants is alleged to have been

18  responsible for opening plaintiff's mail.  Nor is there any allegation or evidence that any

19  defendant acted with an improper motive or that there was resulting interference with plaintiff's

20  right to counsel or access to the courts.  Rather, the undisputed evidence shows (1) that

21  defendant Gastelum, after investigating plaintiff's appeal of the matter, informed plaintiff that

22  the item of mail had been received by the mail room already torn open and, thus, had been

23  returned to plaintiff for repackaging, and (2) defendants Stone and Galaviz upheld Gastelum's

24  decision.

25        Based on the above, this order finds no triable issue exists with respect to whether

26  defendant Gastelum, Stone and Galaviz interfered with plaintiff's constitutional right of access

27  to the courts.  Accordingly, summary judgment must be granted in their favor.

28  **E.     CONDITIONS OF CONFINEMENT**

United States District Court
For the Eastern District of California

1       The final claim is one for unconstitutional conditions of confinement, based on

2   plaintiff's allegations that he was forced to inhabit a cell with a violent and psychopathic

3   prisoner, resulting in his being attacked and injured by his cellmate, being found guilty of a

4   rules violation for mutual combat, and held in administrative segregation.  The Court earlier

5   found the claim cognizable with respect to defendants Davis, Mattingly, Reeves, Shannon,

6   Trimble and Yates.

7       Defendants argue they are entitled to summary judgment because they have not been

8   linked to plaintiff's claim other than in a respondeat superior capacity.  In support of their

9   argument, defendants point to paragraph 27 of plaintiff's complaint, wherein plaintiff sets forth

10  the facts pertaining to the instant claim.  Specifically, defendants argue that while plaintiff

11  refers to the defendants as "group defendants" who failed to provide him with an unbiased

12  investigation, he has not put forth any evidence that directly links defendants Mattingly,

13  Reeves, Shannon, Trimble or Yates to such assertion.  Rather, based on their review of the

14  exhibits appended to plaintiff's complaint, defendants surmise that plaintiff is objecting to their

15  having denied or upheld denials of plaintiff's administrative appeals concerning his being found

16  guilty of a rules violation.

17      As discussed above, liability can be established under Section 1983 only if a person

18  does an affirmative act, participates in another's affirmative act or omits to perform an act which

19  he is legally required to do, that causes the constitutional deprivation of which the plaintiff

20  complains.  *See Leer*, 844 F.2d at 633.  In particular, under no circumstances is there respondeat

21  superior liability under Section 1983, that is, under no circumstances is there liability under

22  Section 1983 solely because one is responsible for the actions or omissions of another.  *See*

23  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  As the Supreme Court recently made clear:

24  "In a § 1983 or a *Bivens* action – where masters do not answer for the torts of their servants –

25  the term 'supervisory liability' is a misnomer.  Absent vicarious liability, each Government

26  official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft*

27  *v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Here, the record contains no evidence that defendants

28  Mattingly, Reeves, Shannon, Trimble and Yates were in any way involved in the decision to

United States District Court
For the Eastern District of California

11

United States District Court

For the Eastern District of California

1   assign an investigator to assist plaintiff with preparing a defense to the rules violation report.

2   Instead, they only responded to plaintiff's appeals after the fact.  As defendants' moving papers

3   are sufficient to support summary judgment and the evidence submitted by defendants does not,

4   on its face, reveal a genuine issue of material fact as to whether defendants failed to provide

5   plaintiff with an unbiased investigation, defendants Mattingly, Reeves, Shannon, Trimble and

6   Yates will be granted summary judgment on this claim.

7           With respect to defendant Davis, plaintiff asserts that Davis, in violation of plaintiff's

8   right to due process, failed to interview plaintiff within 24 hours of plaintiff's being placed in

9   administrative segregation.  There is no constitutional requirement, however, that an inmate be

10  interviewed within 24 hours of being placed in administrative segregation.  Rather, due process

11  requires that when prison officials initially determine whether a prisoner is to be segregated for

12  administrative reasons, they must hold an informal nonadversary hearing within a "reasonable

13  time" after the prisoner is segregated.  *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th

14  Cir. 1986).  A hearing held within 72 hours of segregation constitutes a reasonable time.  *Id.* at

15  1100 n.20.  Accordingly, there is no merit to plaintiff's claim that he should have been

16  interviewed within 24 hours.[7]

17          For the reasons set forth above, summary judgment will be granted in favor of

18  defendants on plaintiff's claim of unconstitutional conditions of confinement.

19  **F.      UNSERVED AND NON-APPEARING DEFENDANTS**

20          **1.      Unserved Defendants**

21          The order of service directed the United States Marshal to serve the fifteen PVSP

22  defendants against whom cognizable claims for relief had been stated (Dkt. No. 11).  On August

23  12, 2009, the Marshal mailed a summons and complaint to each defendant.  On August 24,

24

25          [7]In a grievance appended as an exhibit to the complaint, plaintiff, after being placed
    in administrative segregation, complained on June 15, 2006 that Davis had failed to provide
26  plaintiff with a caseworker to assist plaintiff with collecting evidence and interviewing
    witnesses in preparation for his CDC 115 (Exh. A at 50).  This contention is not raised by
27  plaintiff in the body of the complaint, however, and evidence appended to the complaint
    disposes of any such claim.  Specifically, the evidence shows that on June 21, 2006, six days
28  after plaintiff made his complaint about not being assigned a caseworker, he *was* assigned an
    investigative employee (Exh. A at 99-100).

**United States District Court**
For the Eastern District of California

1    2009, the Marshal was notified by PVSP that defendants Nurse Dishman, Dr. Ferro and Senior

2    Hearing Officer D.B. Petrick were no longer employed there.  Thereafter, on October 13, 2009,

3    the Marshal attempted to locate an address for those defendants through the "CDC Locator" but

4    was unsuccessful (Dkt. No. 24).

5         To date, Dishman, Ferro and Petrick have not been served.  It is clear, however, that the

6    claims against them are subject to dismissal for the following reasons.

7         Plaintiff raises medical claims against Dishman and Ferro.  As discussed above,

8    deliberate indifference to a prisoner's serious medical needs will be found if  (1) the failure to

9    treat a prisoner's condition could result in further significant injury or the "unnecessary and

10   wanton infliction of pain," and (2) a prison official knows that a prisoner faces a substantial risk

11   of serious harm and disregards that risk by failing to take reasonable steps to abate it.

12   Additionally, in order for deliberate indifference to be established, there must be a purposeful

13   act or failure to act on the part of the defendant and resulting harm.  *Estelle*, 429 U.S. at 104;

14   *Farmer*, 511 U.S. at 837.  Here, the allegations in the complaint fail, as a matter of law, to state

15   a claim for deliberate indifference against either Dishman or Ferro.[8]

16        With respect to Dishman, the only claim plaintiff raises is that Dishman, when asked by

17   Dr. Ramirez on May 30, 2006 to obtain plaintiff's medical file, said she couldn't find it,

18   allegedly because Dishman did not want plaintiff to be treated (Compl. ¶ 25).  This claim is

19   without legal merit as, even when plaintiff's allegations are liberally construed, no inference can

20   be drawn that Dishman, in failing to obtain plaintiff's medical file, failed to take reasonable

21   steps to abate a substantial risk of serious harm to plaintiff, or that plaintiff suffered any injury

22   as a result thereof.  At most, Dishman's actions might be considered negligent, but negligence is

23   not actionable under Section 1983.  *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004)

24   As no amendment would cure plaintiff's pleading deficiency, the claim against Dishman will be

25   dismissed with prejudice.

26

27        [8]Under 28 U.S.C. 1915(e)(2), the court "shall" dismiss at any time a prisoner action

28   that is brought in forma pauperis, and which the court determines fails to state a claim on
     which relief may be granted.

United States District Court
For the Eastern District of California

1    The claim against Ferro fails for similar reasons.  As noted, according to the allegations

2    in the complaint, plaintiff, in May 2006, filed a request for an off-site "open" MRI, a new

3    wheelchair and follow-up eye care (Compl. ¶ 23 & Exh. A at 32-34).  On June 14, 2006,

4    plaintiff was interviewed by Dr. Ferro, who denied plaintiff's request for an off-site open MRI

5    on the ground that the quality of such MRI would be poorer than the closed on-site MRI, and

6    plaintiff could be provided medication to calm him as necessary.  Dr. Ferro also denied

7    plaintiff's request for a new wheelchair, finding plaintiff's current wheelchair was in good

8    condition, and informed plaintiff that, on June 6, 2006, an ophthalmology appointment already

9    had been scheduled for plaintiff (Exh. A at 34).  On June 15, 2006, defendant Hansen upheld

10   Dr. Ferro's recommendations, and on October 12, 2006, the recommendations were upheld at

11   the Director's level of review (Exh. A at 28).  In so doing, the Director noted that plaintiff, who

12   had been transferred to Kern Valley State Prison in September 2006, was scheduled for an MRI

13   during the week of October 16, that after completion of the MRI plaintiff would be referred to

14   see a neurologist, and that a referral had been faxed to the eye center on September 28, 2006

15   (Exh. A at 28-29).

16       The claim that Dr. Ferro refused to schedule an eye-care appointment for plaintiff is

17   without merit, as the evidence appended to the complaint, which plaintiff does not dispute,

18   shows that an eye care appointment already had been scheduled by the time plaintiff was seen

19   by Dr. Ferro.  Plaintiff's claim that Dr. Ferro wrongly denied him an off-site open MRI also fails

20   to state a claim for relief.  First, a prison inmate has no independent constitutional right to

21   outside medical care so long as the internal care meets minimum constitutional standards.  *See*

22   *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir.), *cert. denied*, 479 U.S. 930 (1986).  Further,

23   Dr. Ferro's denial was based on a reasoned assessment of plaintiff's medical needs.  In

24   particular, plaintiff apparently desired an open MRI because he is claustrophobic.  Dr. Ferro, in

25   consideration of plaintiff's medical interests, advised against it because of the poor quality of

26   such MRIs, and assured plaintiff he could be provided with sedation as needed.  At most,

27   therefore, plaintiff's disagreement with Dr. Ferro amounts to a difference of opinion that did not

28   result in any harm to plaintiff.  Similarly, no more than a difference of opinion is reflected in

14

**United States District Court**
For the Eastern District of California

1   plaintiff's claim that Dr. Ferro wrongly determined that plaintiff's wheelchair was in good

2   working condition when plaintiff believed it was not.  "A difference of opinion between a

3   prisoner-patient and prison medical authorities regarding treatment does not give rise to a §

4   1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  Accordingly, this order

5   finds that plaintiff has failed to state a claim for relief against Dr. Ferro and leave to amend the

6   allegations in the complaint would not cure the noted pleading deficiencies.  Thus, the claims

7   against Dr. Ferro must be dismissed.

8         The claim against unserved defendant Senior Hearing Officer Petrick must be dismissed

9   for the same reasons plaintiff's conditions of confinement claims have been dismissed.

10   Specifically, the evidence in the complaint concerning Petrick is exactly the same as that

11   presented against defendants Mattingly, Reeves, Shannon, Trimble and Yates, and there is no

12   suggestion in the complaint and exhibits appended thereto, or in the motion for summary

13   judgment, that the analysis of the claims against Petrick would differ in any respect from the

14   analysis of the claims against the other noted defendants.  Given the finding that plaintiff has

15   failed to present evidence that defendants Mattingly, Reeves, Shannon, Trimble and Yates

16   violated plaintiff's constitutional rights, plaintiff cannot prevail on that same claim as against

17   Petrick.  Accordingly, the Court will enter judgment in favor of Petrick.  *See Abagninin v.*

18   *AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (holding district court properly

19   granted motion for judgment on pleadings as to unserved defendants where such defendants

20   were in position similar to served defendants against whom claim for relief could not be stated).

21         **2.      Non-appearing Defendant**

22         At the Court's directive to serve all defendants named in the complaint, the Marshal

23   effected service on defendant T. Griffin.  Griffin has not appeared.  In its screening order, the

24   Court did not identify a cognizable claim against Griffin.  A review of the complaint shows that

25   no claim for relief against Griffin is stated.  Specifically, Griffin is identified by plaintiff as

26   Senior Registered Nurse III at PVSP, with final responsibility for the supervision, care and

27   overall well-being of all inmates at PVSP (Compl. ¶ 12).  The only mention of Griffin in the

28   complaint, however, is that she is a "group defendant," and the exhibit referenced in

15

1  conjunction with that statement shows only that Griffin is the individual who first interviewed

2  plaintiff regarding his complaints about Nurse Dishman's failure to obtain plaintiff's medical

3  file and about a defective shower chair (Compl. ¶ 25 & Exh. A at 68-69).  Plaintiff's allegations

4  do not state a claim for relief against Griffin, as she is in no way linked to any injury suffered

5  by plaintiff; rather, she is charged with having done nothing but interviewed plaintiff in

6  response to his grievances.  As noted above, Griffin's position as a supervisory official does not

7  compel a different result.  *See Ashcroft*, 129 S. Ct. at 1949.  Leave to amend this claim will not

8  be granted, as amendment would not cure the noted pleading deficiencies.

9        For the above reasons, the claims against defendants Dishman, Ferro, Petrick and

10  Griffin will be dismissed from this action with prejudice.

### CONCLUSION

12        Plaintiff's request for an extension of time is **DENIED**. (Dkt. No. 34.)

13        The motion for summary judgment filed on behalf of defendants Davis, Galaviz,

14  Gastelum, Hansen, Mattingly, Reeves, Shannon, Stone, Trimble and Yates is **GRANTED**.  (Dkt.

15  No. 29.)

16        All claims against defendants Dishman, Ferro, Petrick and Griffin are **DISMISSED WITH**

17  **PREJUDICE**.  Leave to amend will not be allowed since plaintiff has had ample time to plead his

18  best case and no amendment can cure the aforementioned defects in his claims.

19        This order terminates Docket Nos. 29 & 34.

20        The clerk shall close the file.

21        **IT IS SO ORDERED.**

22

Dated:    July 13, 2010

23
                                              **WILLIAM ALSUP**
24                                            **UNITED STATES DISTRICT JUDGE**

25

26

27

G:\PRO-SE\MMC\WHA\08-00487.MSJ.grant.2.wpd

28

United States District Court
For the Eastern District of California

16